UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOBBY LEE COLLINS, | No. 2:24-cv-01229 SCR P |
| Plaintiff, | |
| v. | ORDER |
| D. SMITH, et al., | |
| Defendants. | |

Plaintiff is incarcerated in state prison and proceeding pro se with a civil rights action under 42 U.S.C. § 1983. Pending before the undersigned is plaintiff's complaint for screening (ECF No. 1) and motion to proceed in forma pauperis (ECF No. 2).

**IN FORMA PAUPERIS**

Plaintiff has requested leave to proceed without paying the full filing fee for this action, under 28 U.S.C. § 1915. He has submitted a declaration showing that he cannot afford to pay the entire filing fee. See 28 U.S.C. § 1915(a)(2). Accordingly, plaintiff's motion to proceed in forma pauperis is granted. This means that plaintiff is allowed to pay the $350.00 filing fee in monthly installments that are taken from the inmate's trust account rather than in one lump sum. 28 U.S.C. §§ 1914(a). As part of this order, the prison is required to remove an initial partial filing fee from plaintiff's trust account. See 28 U.S.C. § 1915(b)(1). A separate order directed to CDCR requires monthly payments of twenty percent of the prior month's income to be taken

from plaintiff's trust account.  These payments will be taken until the $350 filing fee is paid in full.  See 28 U.S.C. § 1915(b)(2).

**STATUTORY SCREENING**

The court is required to screen complaints brought by prisoners seeking relief against "a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a).  In performing this screening function, the court must dismiss any claim that "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." Id. § 1915A(b).  A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989).  The court may dismiss a claim as frivolous if it is based on an indisputably meritless legal theory or factual contentions that are baseless. Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989).

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007).  In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  A claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.  When considering whether a complaint states a claim, the court must accept the allegations as true, Erickson v. Pardus, 551 U.S. 89, 93-94 (2007), and construe the complaint in the light most favorable to the plaintiff, Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**PLAINTIFF'S COMPLAINT**

**I.      Factual Allegations**

Plaintiff's complaint is largely indecipherable.  Liberally construed, it appears to allege violations of the Americans with Disabilities Act and the Armstrong and Coleman settlements by

2

1  mental health staff at Folsom State Prison and California State Prison, Sacramento, who failed to
2  disclose his diagnostic test results.  Attached to the complaint are various medical records from
3  other state prisons and medical facilities, including Kern Valley State Prison, Adventist Health in
4  Bakersfield, North Kern State Prison, California State Prison, Corcoran, and Palmdale Regional
5  Medical Center.  The undersigned is unable to glean from these materials the nature of plaintiff's
6  claims or the relief that he seeks.

7      **II.**    **Failure to State a Claim**

8      Having conducted the screening required by 28 U.S.C. § 1915A, the undersigned finds
9  that the complaint does not state a valid claim for relief pursuant to the Americans with
10 Disabilities Act.  The complaint itself is difficult to follow, and it is not clear how the attached
11 medical records relate to its allegations.  Because of these defects, the court will not order the
12 complaint to be served on defendants.

13     Plaintiff may try to fix these problems by filing an amended complaint.  In deciding
14 whether to file an amended complaint, plaintiff is provided with the relevant legal standards
15 governing amended complaints and his potential claims for relief which are attached to this order.
16 See **Attachment A**.  Plaintiff is advised that he may submit filings in any written form, including
17 typed, printed, handwritten, or a combination thereof, so long as his papers are legible.

18     **III.**    **Plain Language Summary of this Order for Party Proceeding Without a Lawyer**

19     Your complaint will not be served because the facts alleged are not enough to state a
20 claim.  You are being given a chance to fix these problems by filing an amended complaint.  If
21 you file an amended complaint, pay particular attention to the legal standards attached to this
22 order.  Be sure to provide facts that show exactly what each defendant did to violate your rights.
23 **Any claims and information not in the amended complaint will not be considered.**

24                                **CONCLUSION**

25     In accordance with the above, IT IS HEREBY ORDERED that:
26     1.  Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is GRANTED.
27     2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff
28 is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C.

1 § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the
2 appropriate agency filed concurrently herewith.
3       3.  Plaintiff's complaint fails to state a claim upon which relief may be granted, see 28
4 U.S.C. § 1915A, and will not be served.
5       4.  Within thirty (30) days from the date of service of this order, plaintiff may file an
6 amended complaint that complies with the requirements of the Federal Rules of Civil Procedure
7 and the Local Rules of Practice.  The amended complaint must bear the docket number assigned
8 this case, **2:24-cv-01229 SCR P,** and must be labeled "**First Amended Complaint**."
9       5.  Failure to file an amended complaint in accordance with this order will result in a
10 recommendation that this action be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil
11 Procedure.
12       6.  The Clerk of the Court is directed to send plaintiff a copy of the prisoner complaint
13 form used in this district.
14 DATED: June 10, 2025

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE

# ATTACHMENT A

This Attachment provides, for informational purposes only, the legal standards that may apply to your claims for relief. Pay particular attention to these standards if you choose to file an amended complaint.

## I.     Legal Standards Governing Amended Complaints

If plaintiff chooses to file an amended complaint, he must demonstrate how the conditions about which he complains resulted in a deprivation of his constitutional rights. Rizzo v. Goode, 423 U.S. 362, 370-71 (1976). The complaint must also allege in specific terms how each named defendant is involved. Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Id.; Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient." Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

Plaintiff is also informed that the court cannot refer to a prior pleading in order to make his amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes any prior complaints. Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) (citations omitted). Once plaintiff files an amended complaint, any previous complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

## II.     Americans with Disabilities Act

Title II of the ADA applies to inmates within state prisons. Pennsylvania Dept. of Corrections v. Yeskey, 118 S.Ct. 1952, 1955 (1998); see also Armstrong v. Wilson, 124 F.3d 1019, 1023 (9th Cir.1997). To state a claim for violation of Title II of the ADA, a plaintiff must allege four elements:

> (1) [H]e is an individual with a disability; (2) he is otherwise qualified to participate in or receive the benefit of some public entity's services, programs, or activities; (3) he was either excluded from participation in or denied the benefits

of the public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (4) such exclusion, denial of benefits, or discrimination was by reason of [his] disability.

O'Guinn v. Lovelock Corr. Ctr., 502 F.3d 1056, 1060 (9th Cir. 2007); see also Thompson v. Davis, 295 F.3d 890, 895 (9th Cir. 2002).

"A disability discrimination claim may be based on 'one of three theories of liability: disparate treatment, disparate impact, or failure to make a reasonable accommodation.'" Payan v. Los Angeles Community College Dist., 11 F.4th 729, 738 (9th Cir. 2021). In contrast to a Title II disparate impact claim, which "is focused on modifying a policy or practice to improve systemic accessibility," a Title II "reasonable accommodation claim is focused on an accommodation based on an individualized request or need[.]" Id. In addition, "[t]o recover monetary damages under Title II of the ADA ... a plaintiff must prove intentional discrimination on the part of the defendant." Duvall, 260 F.3d 1124, 1138 (9th Cir. 2001).

The treatment, or lack of treatment, concerning Plaintiff's medical condition does not provide a basis upon which to impose liability under the ADA. Simmons v. Navajo County, 609 F.3d 1011, 1022 (9th Cir. 2010) ("The ADA prohibits discrimination because of disability, not inadequate treatment for disability."); Bryant v. Madigan, 84 F.3d 246, 249 (7th Cir.1996) ("The ADA does not create a remedy for medical malpractice.").

**III.     Eighth Amendment Medical Indifference**

Denial or delay of medical care for a prisoner's serious medical needs may constitute a violation of the prisoner's Eighth and Fourteenth Amendment rights. Estelle v. Gamble, 429 U.S. 97, 104-05 (1976). An individual is liable for such a violation only when the individual is deliberately indifferent to a prisoner's serious medical needs. (Id.); see Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006); Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002); Lopez v. Smith, 203 F.3d 1122, 1131-32 (9th Cir. 2000).

In the Ninth Circuit, the test for deliberate indifference consists of two parts. Jett, 439 F.3d at 1096, citing McGuckin v. Smith, 974 F.2d 1050 (9th Cir. 1991), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc). First, the plaintiff must show a "serious medical need" by demonstrating that "failure to treat a prisoner's

1  condition could result in further significant injury or the 'unnecessary and wanton infliction of
2  pain.'" (Id., citing Estelle, 429 U.S. at 104.) "Examples of serious medical needs include '[t]he
3  existence of an injury that a reasonable doctor or patient would find important and worthy of
4  comment or treatment; the presence of a medical condition that significantly affects an
5  individual's daily activities; or the existence of chronic and substantial pain.'" Lopez, 203 F. 3d
6  at 1131-1132, citing McGuckin, 974 F.2d at 1059-60.

7  Second, the plaintiff must show the defendant's response to the need was deliberately
8  indifferent. Jett, 439 F.3d at 1096. This second prong is satisfied by showing (a) a purposeful act
9  or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the
10 indifference. (Id.) Under this standard, the prison official must not only "be aware of facts from
11 which the inference could be drawn that a substantial risk of serious harm exists," but that person
12 "must also draw the inference." Farmer v. Brennan, 511 U.S. 825, 837 (1994). This "subjective
13 approach" focuses only "on what a defendant's mental attitude actually was." (Id. at 839.) A
14 showing of merely negligent medical care is not enough to establish a constitutional violation.
15 Frost v. Agnos, 152 F.3d 1124, 1130 (9th Cir. 1998), citing Estelle, 429 U.S. at 105-106.